UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

GLOBAL TERMINAL & CONTAINER
SERVICES, LLC,

        Plaintiff,

-against-

BAYONNE DRYDOCK AND REPAIR CORP.,

        Defendant.

Civil Action No.:

---

## COMPLAINT

Plaintiff, Global Terminal & Container Services, LLC ("Global"), respectfully files this Complaint against Defendant, Bayonne DryDock and Repair Corp. ("Bayonne"), upon representing as follows:

### PARTIES

1.    Global is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 302 Port Jersey Boulevard, Jersey City, New Jersey 07305.

2.    Bayonne is a business corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at the Military Ocean Terminal Dockyard in Bayonne, New Jersey 07002.

### JURISDICTION AND VENUE

3.    Subject matter jurisdiction over this matter is conferred pursuant to 28 U.S.C. §1333. This matter involves a contract to repair hatch covers of an

oceangoing vessel, and is therefore a maritime contract. Global specifically designates this action as an admiralty or maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

4. Personal jurisdiction exists over the defendant because it is present in and doing business within this federal judicial district.

5. Venue is proper within this federal judicial district pursuant to 28 U.S.C. §1391 because defendant is a resident of the State in which this district is located, and because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred within this judicial district.

## FACTS

6. Global is the terminal operator of a facility located at 302 Port Jersey Blvd., Jersey City, New Jersey 07305, which is equipped and serviced with six Quay container cranes that are used to load and unload oceangoing vessels. The Global terminal is used by a number of third-party shipping carriers, including Compania Sud Americana de Vapores S.A. and its affiliated shipping carriers (collectively, "CSAV").

7. Bayonne is a ship repair business that operates a shipyard at the Military Ocean Terminal Dock Yard in Bayonne, New Jersey.

8. On October 14, 2012, two hatch covers that are part of the MV CSAV ITAJAI were damaged during stevedoring operations at Global's terminal. The MV CSAV ITAJAI is an oceangoing vessel that is part of CSAV's fleet of vessels.

9. Promptly after the incident in which the two hatch covers were damaged, Global arranged for them to be transported to Bayonne's shipyard in order for them to be repaired. The two hatch covers were delivered to Bayonne's shipyard on or about

October 17, 2002. Bayonne performed certain repairs to the two hatch covers between October 17, 2012 and October 26, 2012.

11. Upon receipt of the October 24, 2012 invoice, Global agreed to satisfy the invoice, subject to its right to protest, in order that the hatch covers could be timely released to Global to be returned to the MV CSAV ITAJAI, and the vessel returned to service. Global agreed to satisfy the October 24, 2012 invoice, subject to its right to protest, in order to prevent further delay of the vessel's voyage.

10. On October 24, 2012, Bayonne presented an invoice to Global in the amount of $475,851.75. Bayonne represented that this invoice was final for the repairs that it had performed to the two hatch covers. An e-mail sent by Bayonne's representative on October 25, 2012, which also attached the October 24, 2012 invoice stated: "Please have funds transferred by tomorrow so in the event we are completed Saturday or Sunday the hatches can be cleared for removal."

12. However, despite the representation by Bayonne that the October 24, 2012 invoice was final, Bayonne subsequently performed additional work to the hatch covers, without authorization or consent from Global, and without informing Global in advance of performing such work. The additional work that Bayonne performed after October 24, 2012 was necessitated because the original repairs were inadequately performed by Bayonne in the first instance. During the repairs performed prior to October 24, 2012, Bayonne did not adequately ensure leveling of the hatch covers during its welding operations, which resulted in distortion of the hatch covers beyond permissible tolerances. Additionally, during the repairs performed prior to October 24, 2012, Bayonne did not follow the manufacturer's representative's instructions when it

performed the initial welds, and although Bayonne had retained a leveling service to oversee the welding, that leveling service was not present during all, or a part of, the welding operations that Bayonne performed. This resulted in deficient repairs to the hatch covers.

13. The work that Bayonne performed after October 24, 2012 was necessitated by the inadequate and deficient repairs that it performed in the first place, and Global is not responsible for such increased cost of repair. Despite this, on November 7, 2012, Bayonne sent an invoice to Global in the amount of $744,329.95, which included work performed by Bayonne between October 24, 2012 and November 9, 2012. All, or the majority of, the work performed between October 24, 2012 and November 9, 2012 was done to correct the repairs that were inadequate and deficient in the first instance.

14. Bayonne has refused to release the two hatch covers until Global pays it $744,329.95.

15. Global has offered to tender the amount of $475,851.75 (the amount stated in the first final invoice dated October 24, 2012) to Bayonne, subject to its right of protest, in order to obtain release of the two hatch covers. Global has offered to tender the amount of $475,851.75 subject to the parties litigating the validity of the charges over and above $475,851.75. Release of the two hatch covers is required so that they may be returned to the MV CSAV ITAJAI so that the vessel in turn may return to service.

16. Bayonne's refusal to release the hatch covers has and is causing a delay in the return of the vessel to service. CSAV has and is incurring damages for the delay

in returning the vessel to service, and will seek to hold Global and/or Bayonne liable.

## FIRST CAUSE OF ACTION
(Breach of Contract)

17. Global repeats and re-alleges the allegations set forth in Paragraphs 1 through 16 as if fully set forth in this Cause of Action.

18. Global and Bayonne entered into a contract whereby Bayonne promised to perform repairs to the hatch covers.

19. By virtue of its conduct described above, Bayonne breached the contract, including because of its refusal to release the hatch covers in exchange for the $475,851.75 that Global tendered.

20. As a result of Bayonne's conduct as detailed above, Global has suffered damages, and will continue to suffer damages, including damages that may arise from the delay in the return of the vessel to service.

## SECOND CAUSE OF ACTION
(Breach of the Covenant of Good Faith and Fair Dealing)

21. Global repeats and re-alleges the allegations set forth in Paragraphs 1 through 20 as if fully set forth in this Cause of Action.

22. Global and Bayonne entered into a contract whereby Bayonne promised to perform repairs to the hatch covers. By virtue of the contract, Bayonne had an implied duty of good faith and fair dealing that attaches to all agreements.

23. By virtue of its conduct described above, Bayonne breached its duty of good faith and fair dealing, including because of its refusal to release the hatch covers in exchange for the $475,851.75 that Global tendered.

24. As a result of Bayonne's conduct as detailed above, Global has suffered damages, and will continue to suffer damages, including damages that may arise from the delay in the return of the vessel to service.

## THIRD CAUSE OF ACTION
### (Breach of the Warranty of Workmanlike Performance)

25. Global repeats and re-alleges the allegations set forth in Paragraphs 1 through 24 as if fully set forth in this Cause of Action.

26. Bayonne breached its implied warranty that it would carry out its repair services in a competent and workmanlike manner by improperly, carelessly, wrongfully, and tortiously failing to perform adequate and proper repairs.

27. As a result of Bayonne's breach of its warranty of workmanlike performance, Global has suffered damages as will be proven to time trial.

28. As a result Bayonne's breach of its warranty of workmanlike performance, Global has sustained and will sustain damages that may arise because of the delay in the return of the vessel to service.

## FOURTH CAUSE OF ACTION
### (Replevin)

29. Global repeats and re-alleges the allegations set forth in Paragraphs 1 through 28 as if fully set forth in this Cause of Action.

30. Global has the right of possession to the hatch covers.

31. Bayonne has denied Global its right of possession to the hatch covers.

32. By virtue of Bayonne denying Global its right of possession to the hatch

6

covers, Global has suffered damages, including damages arising from the delay in the vessel being returned to service.

33. Additionally, Global is entitled to a writ of replevin ordering and directing Bayonne to immediately release the hatch covers to Global.

WHEREFORE, Global Terminal & Container Services, LLC, respectfully prays that after due proceedings are had, including trial by jury, judgment be entered in its favor, and against Bayonne Drydock and Repair Corp., awarding it damages as may be fixed at the time of trial, and also granting it equitable relief in the nature of a writ of replevin or, alternatively, a mandatory injunction, awarding possession of the hatch covers to Global Terminal & Container Services, LLC

Dated: White Plains, New York
November 9, 2012

Yours, etc.,

By: /s/ Robert J. Berg
Robert J. Berg (#RB88542)
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605
Tel: (914) 517-5000
Fax: (914) 517-5055

*Attorneys for Plaintiff*

00254419.WPD

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLOBAL TERMINAL & CONTAINER SERVICES, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> BAYONNE DRYDOCK AND REPAIR CORP., <br><br> Defendant. | Civil Action No.: <br><br><br> **VERIFICATION** |

I, David Brady, state that I am the Vice-President of Administration of Global Terminal & Container Services, LLC, have read the foregoing Complaint, and duly verify that all of the allegations set forth herein are true and correct to the best of my knowledge, information and belief.

_____
DAVID BRADY

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 9th DAY OF NOVEMBER, 2012.

_____
Notary Public

00254419.WPD

GERALDINE ZUPKO
Notary Public
New Jersey
My Commission Expires 8-1-16
I.D. # 2275778

8